CHARLES J. SCHUCK, Judge.
Claimants seek to recover damages for injuries to an automobile heretofore owned by the claimant, Fred S. Peterson,, and insured by the said Commerce Insurance Company, the contention being that the. said automobile was .struck and *23 damaged sometime during the night or morning of December 20, 1940, while it was parked on Seventh street in the city of Parkersburg, in front of the home of the said Fred S. Peterson. It was a 1940 model of Plymouth make, a four-door sedan. Complainants seek to charge the state road commission with damages, alleging that early on the morning of said December 20, a road truck owned and operated by the said road commission negligently collided with the said Plymouth automobile causing the damages complained of, severely injuring the automobile and scattering the contents of the rear or turtle back of the car in and upon the said street on which the automobile was parked. From the evidence it seems to have been a rainy, dreary morning with visibility poor and at a time when automobilists on the street in question were not yet aided with the natural daylight but had to rely on the street lights to guide and protect them. The evidence clearly shows that there were at least two collisions with the said Plymouth car, one by another Plymouth car, owned and operated at the time by one Ed Van Camp, and the other by the state road commission truck in question.
Considering first the case as submitted by the claimants nowhere is it revealed that any testimony was presented on their part upon which an award could be based or a recommendation made by the court so far as showing any negligence on the part of the employee (driver) of the state road commission. The claimant, Peterson, did not see the collision, nor did he hear the noise or sound made by any impact; he was awakened by his family, and shortly afterward made his appearance on the street to learn, if possible, the details of what happened so far as the collision with and damages to his car were concerned. The only other witness testifying for the claimants was unable to identify the truck and failed to place any responsibility on the driver thereof; she heard two distinct noises which she concluded had been made by collisions of cars, the first of which was the loudest; and she testified further that the first crash to which her attention was attracted could have been the impact sufficient to drag claimant’s car upon and across the terrace on the said street, and some *24 twenty feet away from the Peterson home (record pp. 36-37). That there' were two collisions is shown by the evidence; the first by the car known as the Van Camp automobile, and the second, at least a slight collision involving the state road truck in question. It must be reasonably assumed that the first collision was by the Van Camp car. If this be true, and damages were caused by this first crash, then under no circumstances could the state road commission be held for any improper or negligent operation of its truck; and if the said first crash was sufficient to drag the said Peterson car over and upon the pavement and some twenty feet away from the Peterson home, then again, the state road commission could not be held, since this impact and dragging of the car would no doubt be sufficient to inflict the damaged alleged.
After these impacts or collisions both the driver of the Van Camp car and the state road truck returned to the place of the accident. It was then found that the Van Camp car as shown by the testimony of Peterson himself (record p. 8) was damaged to the extent of having the right fender bent as well as having the rear bumper torn loose, all of which would tend to show that there had been a rather severe impact between these two cars. Immediately upon the return to the scene of the accident of persons involved, with the exception of Peterson himself but including police officials of Parkersburg who had arrived on the scene, they made what they deemed a careful, thorough investigation and searched for any marks or scratches or any other evidence that would be shown on the truck and which would indicate that it had had a collision with the Peterson car in question. No marks, indentations, or even scratches were found, save only that there was a dry spot on the rear right lire where that part of the truck had come in contact with the Peterson car. Considering the severity of the injuries to the Peterson car and the apparent force of the impact or collision that caused the injuries and damages, we are of the opinion that the state road truck could not have caused the said injuries and conseciucntly could not have caused the said damages, and that if it liad been involved some marks or indentations, or at least scratches, would necessarily have been *25 found somewhere on the said state road truck. An attempt was made by the testimony of Peterson to show some evidence of yellow paint particles being mixed with the grey of the Peterson car which, as Peterson himself testified, was found a day or two after, while his car was in the garage. We are of the opinion that if such a condition existed the yellow paint (the truck having been painted yellow) did not come from the truck in question, since there was no mark or indentation of any kind on the bumper of the truck. The bumper was silver-ized or of nickel and not painted yellow, and, therefore, any collision with the truck bumper could not have left yellow particles of paint on the Peterson car, to be noticed several days after the accident. If any other part of the truck had struck the Peterson car, by reason of which there 1 bi particles of the yellow paint imbedded in the cúc ■ ;i tír-Peterson car, then surely there would have been some marine or abrasions of some kind on the truck in question showing that it had collided with the Peterson car and caused the injuries complained of. No such marks or indentations or even scratches could be found, notwithstanding the examination referred to and made not only by the truck driver and the driver and occupant of the Van Camp car, but especially so by the police officers of the City of Parkersburg, and to which one of said officers testified.
We appreciate that the testimony shows that the road truck was very closely following the Van Camp car at the time of the collision between the Peterson car and the Van Camp car, perhaps too close for safety, but cannot conclude from all the circumstances that the road truck was being driven in such a manner as to be the proximate cause of the injury.
Under all of these circumstances the testimony is purely speculative and we would be carried into the field of guess and conjecture if we were to determine that the driver of the state road truck was responsible for the damages complained of and the injuries inflicted to the Peterson car. This position, of course, is impossible for us to assume in determining whether there was any negligence on the part of the truck driver, and therefore we hold that no award should be made.